JOSEPH STUART *and* JAMES STUART *v.* THE COLUMBIAN FIRE INSURANCE COMPANY.

A clause in an agreement is to be construed most strictly against the party for whose benefit it is inserted.

Hence, when an open policy contained a clause limiting the insurer's liability to the deficiency arising on the payment of any other policy of prior date,—*Held*, that the limitation did not apply to goods in another policy, intermediate the date of the defendant's policy and their inscription thereon.

APPEAL by the defendants from a judgment entered on the report of a referee.

The action was brought upon an open policy of insurance to recover the sum of five thousand and forty dollars for the loss

of twenty-one bales of cotton, consigned at Louisville, Ky., by Garvin, Bell & Co., to the plaintiffs at New York.

It appeared upon the trial before the referee, that the plaintiffs, for some time previous to October 28, 1862, had made loans and advances to Garvin, Bell & Co., of Louisville, Kentucky; and on that day, and on November 3, 1862, Garvin, Bell & Co. owed plaintiffs on account with them, fourteen thousand five hundred dollars, not counting interest. On October 28, 1862, William Garvin, of Garvin, Bell & Co., wrote to plaintiffs a letter of that date, informing them that he had shipped to plaintiffs twenty-one bales of cotton to be sold by them, the proceeds to be applied to the credit of Garvin, Bell & Co., in account with them, the plaintiffs.

The plaintiffs had previously effected an insurance with the defendants on the ship *Dreadnought*, at and from Liverpool to New York, on an open marine policy to cover war risk *only*, with the various clauses usual in American policies of marine insurance. *The policy was dated October* 18, 1862, and this policy being in full force, plaintiffs, on November 3, 1862, applied to defendants to insure the twenty-one bales of cotton, on its way to them from Louisville to New York, and for which they had received bills of lading.

The defendants accepted the application, and thereupon wrote on the second page of said open marine policy on the ship *Dreadnought*, the following memorandum :

"O      November 3d, 1862.                    12,445.

"In consideration of a premium, sixty-three dollars, it is "hereby agreed that this policy shall cover five thousand and "forty dollars on twenty-one bales of S. & Co.'s cotton, at and "from Columbus to Cairo per steamer *Clara Bell*, and thence "by R. R. to New York, on the same conditions as per within "policy and val. *a* $240 per bale. $5,040 *a* 1¼ p. c. $63 ;" and also indorsed upon the back of the policy :

"Nov. 2, '62.— St'r Clara Bell, 12,445.—Columbus to Cairo "to New York, $5,040 *a* 1¼ per cent, $63."

The cotton was shipped on October 24th, at Columbus for Cairo; left Cairo by Illinois Central R. R. for New York on October 29th ; and was burnt on the next day on the railroad, proving a total loss.

Stuart v. The Columbian Fire Insurance Company.

The firm of Garvin, Bell & Co., on the 29th of October, at Louisville, Ky., applied to the Franklin Insurance Company of that city for insurance on the cotton, and the Company agreed to take the risk conditionally, that if the cotton was covered by the open policy of the plaintiffs, in New York (as Garvin, Bell & Co. informed the Company it probably was), the agreement was not to be binding on the Franklin Insurance Company. Subsequently, on the 3d day of November, Garvin, Bell & Co., notified the Franklin Insurance Company that the cotton was covered by the policy in suit, and the Company thereupon erased the entry made in their cargo register. No policy was ever issued to Garvin, Bell & Co.

The defendants rested their defence on the following clause in the original policy of insurance, dated October 18, which clause is as follows: " Provided, always, and it is hereby further agreed as follows, that if the said assured shall have made any other assurance on the premises aforesaid, prior in date to this policy, then the said Columbian Insurance Company shall be answerable only for so much as the amount of such prior insurance may be deficient toward fully covering the premises hereby assured."

Defendants claimed, that although the policy of defendants did cover this cotton, yet that *the cotton had been previously insured by the* Franklin Insurance Company, that all the defendants would be called on to pay was a contribution, or so much as the amount of such prior insurance might be deficient, and that as the prior insurance fully covered the declared value of the cotton, there was no deficiency.

The referee so found, and the plaintiffs appealed to the General Term.

*Richard O'Gorman,* for appellant.

*A. C. Morris,* for respondent.

By the Court.— CARDOZO, J.—The insurance effected by Garvin, Bell & Co., in Louisville, was not prior to the date of the policy in suit; and the clause in question in terms, certainly, only refers to insurance " prior in date to this policy."

The defence is technical, and should not be favored, but should be strictly construed : the clause respecting prior insur-

ance being inserted for the benefit of the defendants, who, had they intended to make this policy, so far as the cotton in question was concerned, bear date November 3, instead of, as the language implies, its actual date, October 18th, could have rendered the matter clear by proper stipulations. The insurance effected by Messrs. Garvin, Bell & Co., in the Franklin Insurance Company was on the 29th of October, 1862, while the policy in part bears date, eleven days earlier, on the 18th of October, 1862. The memorandum made on the 3d of November, incorporated nothing into the policy, except the additional risk which the assurers assumed. They did not make a new policy, but agreed that the then existing policy, dated October 18th, 1861, should cover the cotton in question.

It was simply an agreement made on the 3d of November, 1862, that a contract dated October 18, 1862, should be extended as to its subject matter, so as to apply to and cover other property than that which had originally been mentioned in it.

The policy held by the plaintiffs, not being prior to the insurance made in Louisville, covered the interest of the Messrs. Stuart, without it being specified, and whether that interest was as owners or as consignees.

I think the referee erred in dismissing the complaint, and that the judgment should be reversed and a new trial ordered; costs to abide the event.